*S. & J. W. May*, for the complainants.

*R. Washburn*, for the respondents.

-------◆-------

WILLIAM CURTIS and another *vs.* CITY OF PORTLAND.

*Practice. Authority — delegation of.*

When a report of referees itself presents a question of law, upon the determination of which the result is made to depend, and judgment is to be entered up for one party or the other, according to the decision of the legal point involved, the XXIst rule of court requiring parties, objecting to the acceptance of a report, to file their objections in writing, does not apply.

To make a written contract between contractors and the committee on streets binding on the city, it must be signed by at least a majority of the committee; and they cannot give their chairman authority to execute it without this.

Thus, under an order of the common council of the city of Portland, the committee on streets, having advertised for bids for grading a certain street, accepted the plaintiffs' bid, which was the lowest, and thereupon the chairman of the committee, acting for them and with their consent in behalf of the city, and the plaintiffs in their own behalf, executed a written contract embodying therein the details of the agreements of the respective parties in relation to the premises. In an action on the contract, *Held*, that the city was not thereby bound.

ON EXCEPTIONS.
COVENANT BROKEN.

BARROWS, J.    When a report of referees itself presents a ques-
tion of law, upon the determination of which the result is made to
depend, and judgment is to be entered up for one party or the other,
according to the decision of the legal point involved, by the court
to whom the report is returned, the XXIst rule of court, requiring
all parties objecting to the acceptance of a report to file their ob-
jections in writing, does not apply.    The defendants do not, in fact,
object to the acceptance of the report, but to the ruling which made
it adverse to them and to the ordering of judgment upon it for the
plaintiffs, when they claim that, upon a correct decision of the legal
question presented by the report, the judgment should be for the
defendants.

Neither can it be maintained that this report presents no question
of law and is not in the alternative, but is designed merely to state
the grounds of the decision.    The last words of the report are:
" But if he had not " (authority to execute the contract) " the
plaintiffs are not entitled to recover."    This, taken in connection
with what precedes it, shows clearly that it was the design of the
referees to submit to the court, upon the facts detailed in the report,
the question of the authority of the chairman of the committee' on
streets to execute the contract, and to have judgment entered for
the defendants if the court should be of opinion that the chairman
had not the requisite legal authority.

The defendants cannot be deprived of their exceptions upon
either of the grounds above referred to.    We must proceed to ex-
amine the question raised by the report.

The action is one of covenant broken, based upon articles of
agreement under seal, purporting throughout to have been " made
and entered into, on, etc., by and between the city of Portland,
acting by their committee on streets, sidewalks, and bridges, on the
one part, and W. and A. Curtis " (the plaintiffs) " of said city,
contractors, on the other part."

This instrument contains the details of an agreement between the contracting parties wherein the plaintiffs undertook to grade a certain portion of a street in the city, in a mode and time specified, and the city to pay them therefor in a manner stipulated, and it is closed and subscribed as follows:

" In witness whereof we have hereunto set our hands and affixed our seals this," etc.

" CHAS. A. GILSON,

*Chairman Com. on Streets, etc."* [SEAL.]

" W. and A. CURTIS." [SEAL.]

The referees report the plaintiffs entitled to a certain sum as damages for breach of this agreement, " upon the supposition " that it is valid and binding on the defendants. And they proceed to set forth certain facts found by them, in view of which this question of validity is to be determined as follows: they annex to their report a copy of an order (regularly passed in both boards of the city government, and approved by the mayor prior to this execution of this contract), wherein " the committee on streets, sidewalks, and bridges are authorized and directed to contract for the grading of so much of " (the street in question) " as they may deem expedient." They find that, by virtue of this order, the committee advertised for bids for grading the street therein named ; that the bid of the plaintiffs was the lowest and was accepted by the committee ; " and that thereupon the chairman of said committee, acting for them with their consent, and the plaintiffs executed the contracts aforesaid." They do not stop here, but add, " we find that said contract was valid and binding upon the city aforesaid, if the chairman of said committee had authority to execute it without its being signed by a majority of said committee, and we have made an award on the supposition that he had such authority. But if he had not, the plaintiffs are not entitled to recover."

As to all questions, either of law or fact, which have been settled by the referees, their decision being that of the tribunal selected by

the parties, and not being impeached for prejudice or bad faith, must be deemed conclusive.

It is with this single point which they have referred to us that we have to deal. This question is not the one long ago mooted, whether a contract subscribed and sealed, as this is, may be counted on as the act and deed of the corporation in whose behalf it was intended to be made, and as subjecting the corporation to an action on its covenants, as if executed under the corporate seal.

The referees probably considered that matter settled in this State by R. S. c. 73, § 15, provided the chairman of the committee could, under all the circumstances, be deemed the authorized agent of the city. However that may be, they find (and this finding is conclusive) " that the said contract was valid and binding upon the city aforesaid, if the chairman of said committee had authority to execute it without its being signed by a majority of said committee."

Nor is it an open question in this case, whether parol evidence ought to have been received to show that the chairman of the committee executes the contract, " acting for them with their consent." The report establishes this fact, and also that the committee accepted the plaintiffs' bid. The question is not whether if this action were on trial before the court, we would admit the testimony of members of the committee, or any evidence outside the contract itself, to show that they all joined in the execution of the power conferred upon them by the order of the city council, so far as anything but the mere formal execution of the written contract was concerned. That question is foreclosed by the action of the referees, whose report seems designed to present the naked inquiry, whether it was competent for the committee to authorize their chairman to bind the city by a written contract, under seal, to which they all agreed, but which a majority of them did not in fact sign. If the case were a new one, we might, upon such a state of facts as is here presented, think it somewhat difficult to give any very substantial reasons for holding that the power delegated to the committee was not well executed.

There would seem to be some ground for saying that as they all

exercised their judgment upon the subject-matter of the contract, and assented to its execution by their chairman in their behalf, they should be considered as adopting his signature and seal, and that thus the contract should be held valid as against their principal, the city.

But it is impossible to distinguish the case in principle from that of the *Female Orphan Asylum* v. *Johnson*, 43 Maine, 180. There the corporation were empowered by statute to apprentice children under their care and control by writing " to be interchanged by and between the said Female Orphan Asylum by their managers and said master or mistress." The case showed a vote of the managers to bind Jane Lenham (the child whose indentures were in question) to the defendant, and another vote authorizing Mary B. Storer, their secretary, to execute " indentures for and in behalf of the board of managers ; " and the indentures were signed by the defendant and " Mary B. Storer, in behalf of the managers of the Female Orphan Asylum of Portland ;" and to these signatures were affixed the customary seals. Yet the court held the indentures invalid, upon the ground that the power delegated to the managers could not be conferred by them upon the secretary ; and the assent of the managers to all that was done, as shown by their recorded votes, was deemed insufficient to impart validity to the contract.

The doctrine seems to be that the agent to whom the power is originally committed, in order to bind his principal by a written contract, must execute it personally, and cannot authorize any one else to do it in his behalf.

At present, when public trusts and duties are so often perverted, and so carelessly performed, we do not feel disposed to encourage greater looseness, or to open new doors for the evasion of personal responsibility, by neglecting to apply the maxim, *delegata potestas non potest delegari*, to any and all cases to which it has heretofore been applied by this court.

To make the contract binding upon the city, it should have been signed by at least a majority of the committee, and they could not give their chairman authority to execute it without this.

It follows, according to the report of the referees, that the plaintiffs are not entitled to recover, and the presiding judge should have ordered judgment for the defendants. The *pro forma* ruling was erroneous. *Exceptions sustained.*

APPLETON, C. J.; KENT, DICKERSON, and DANFORTH, JJ., concurred.

*A. A. Strout,* for the plaintiffs.

*Symonds & Libby,* for the defendants,